UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUSIC GROUP SERVICES US, INC., | CASE NO. C13-182MJP |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| INMUSIC BRANDS, INC., | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant's motion to dismiss. Having reviewed the motion (Dkt. No. 7), Defendant's response (Dkt. No. 16), Plaintiff's reply (Dkt. No. 20), and the remaining record, the Court DISMISSES this matter without prejudice because litigation on the same matter is pending before the U.S. District Court for the Southern District of Florida.

**Background**

While the overall claim deals with a patent, the dispute at issue is procedural. In February 2012, Ion Audio, LLC ("Ion") filed a claim against Plaintiff in the Southern District of Florida. (Dkt. No. 7 at 1.) Ion requested a declaratory judgment stating its "All-Star Guitar" does

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS- 1

not infringe Plaintiff's U.S. Patent 8,093,486 (the "'486 Patent") and/or the '486 Patent is unenforceable. (Id. at 2-3.) Since September 2012, Defendant is the successor by merger to Ion. (Id. at 1.) The parties are currently litigating in the Southern District of Florida. See Ion Audio, LLC v. Music Group Services, Inc., et al., Case No. 0:12-cv-60201-RNS (S.D. Fla. Feb. 3, 2012). Both parties have exchanged interrogatories and document requests. (Dkt. No. 8 at 2.)

In December 2012, Plaintiff filed a claim against Ion in the Western District of Washington. (Case No. C12-2127JLR, Dkt. No. 1.) In that suit, Plaintiff alleged Defendant's All-Star Guitar infringed the '486 Patent. (Id.) Defendant moved for dismissal based on the pending litigation in Florida. (Case No. C12-2127JLR, Dkt. No. 4.) On March 11, 2013, Plaintiff voluntarily dismissed all claims without prejudice. (Case No. C12-2127JLR, Dkt. No. 16.)

On January 28, 2013, Plaintiff filed a motion to dismiss the first action. (Dkt. 17-2 at 1-8.) In that motion, Plaintiff alleges lack of standing and subject matter jurisdiction. (Id.) It argues the first action should be dismissed because Ion has ceased to exist as a legal entity and Defendant chose not to be substituted. (Id.) That motion is pending in Florida. (Dkt. No. 16 at 6.)

Two days later, on January 30, 2013, Plaintiff filed another claim in the Western District of Washington, which is the present action before the Court. (Dkt. No. 1.) Defendant inMusic Brands is the named defendant in the third action, rather than Ion. (Id.) Otherwise, the claims involve the same matter of the '486 Patent and the All-Star Guitar. (Dkt. No. 1 at 3.)

Defendant argues the third action should be dismissed under the first-to-file rule. (Dkt. No. 7 at 5.) Plaintiff asserts jurisdiction is proper in Washington because Defendant is not a named party in the Florida case and that case should be dismissed. (Dkt No. 16 at 7.) Additionally, Plaintiff argues judicial efficiency warrants keeping the third action active in this

District because if the Florida court dismisses the first action, time and resources will be wasted to refile the third action. (Id. at 7-8.)

## Discussion

### A. Legal Standard

The first-to-file rule may be used when a complaint involves the same parties and issues previously filed in another district. Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991). The purpose of the first-to-file rule is judicial efficiency and it "should not be disregarded lightly." Id. (quoting Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir.1979)). The first-to-file rule also protects against inconsistent rulings on identical matters. Meru Networks, Inc. v. Extricom Ltd., 2010 WL 3464315 (N.D. Cal. Aug. 31, 2010). When applying the rule, the court should look at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. Id.

Despite the first-to-file rule being favored, "[w]ise judicial administration . . . does not counsel rigid mechanical solution of such problems." Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952). Examples of situations in which exceptions to the first-to-file rule may be used include bad faith, forum shopping, and anticipatory suit. Alltrade, 946 F.2d at 628; See also National Broom Co. of Cal., Inc. v. Brookstone Co., Inc., 2009 WL 2365677, *2-3 (N.D. Cal. 2009) (holding exception to first-to-file rule when plaintiff, in bad faith, filed for declaratory judgment in anticipation of defendant's suit). In cases involving the same parties and issues filed in two different districts, it is within the second court's discretion to dismiss the second case in the interest of efficiency and judicial economy. Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997).

B. Chronology of Actions

The first action was filed in February 2012; the third action was filed in January 2013. (Dkt. Nos. 1, 7.) Unquestionably, the first action is first in time to the third action, and the first threshold question is answered.

C. Similarity of the Parties

Generally, a change of parties in the first suit after filing does not automatically overcome the first-to-file rule. 5 ANNOTATED PAT. DIG. § 37:95. The requirement of similar parties is satisfied if the parties are substantially similar, although not identical. Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).

Fed. R. Civ. P. 25(c) authorizes a substitution of parties after a transfer of interest has occurred. A district court has "ample discretionary power" to substitute parties where a corporate dissolution has occurred during an action. U.S. for Use of Acme Granite & Tile Co. v. F.D. Rich Co., 437 F.2d 549, 552 (9th Cir. 1970). This preserves valuable property rights involved in litigation. Id. The transference of interest of a corporation engaged in litigation is governed by state law. Virgo v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994) (citing Def. Supplies Corp. v. Lawrence Warehouse Co., 336 U.S. 631, 634 (1949)). Under Florida law, a surviving entity may be substituted in pending litigation by or against a business entity no longer in existence due to merger. FLA. STAT. § 608.4383(4) (2012).

Defendant became the successor in interest of Ion following merger in September 2012. (Dkt. No. 7 at 1.) Ion was the Plaintiff in the first action. (Id.) Because Defendant absorbed Ion in the merger, Defendant became Ion for purposes of this analysis. The second threshold question for the first-to-file rule is satisfied.

D.  Similarity of the Issues

The issue in both the first and third actions is identical. In the first action, Defendant (as Plaintiff) requests a declaratory judgment stating its All-Star Guitar does not infringe the '486 Patent and/or the '486 Patent is invalid. (Dkt. No. 7 at 2-3.) In the third action, Plaintiff claims Defendant infringes the '486 Patent with its All-Star Guitar. (Dkt. No. 1.) It is undeniable the dispute is over the '486 Patent and the All-Star Guitar, and the third threshold question is answered.

**Conclusion**

The Court GRANTS Defendant's motion to dismiss without prejudice because the first-to-file rule should be applied to this action.

Dated this 11th day of April, 2013.

Marsha J. Pechman
United States District Judge